IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ALGER WARREN,                        *

    Plaintiff,                   *

vs.                                  *

                                   CASE NO. 4:25-cv-181 (CDL)

EQUIFAX INFORMATION SERVICES,        *
LLC,
                                     *

    Defendant.                   *

_____

O R D E R

Plaintiff Alger Warren brought this action alleging that Defendant Equifax Information Services, LLC ("Equifax") negligently and willfully violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Equifax filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons that follow, that motion (ECF No. 14) is granted.

JUDGMENT ON THE PLEADINGS STANDARD

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). In evaluating a motion for judgment on the pleadings, the Court must "accept as

true all material facts alleged in the non-moving party's pleading" and "view those facts in the light most favorable to the non-moving party." *Id.* "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.* But if it is clear from the pleadings that the non-moving party "would not be entitled to relief" on a claim based on that party's factual allegations, then that claim should be dismissed. *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

A motion for judgment on the pleadings is essentially governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). Thus, the nonmoving party's pleadings must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556.

## FACTUAL BACKGROUND

Warren alleges the following facts in support of his claims. The Court must accept these allegations as true for purposes of

the pending motion.  Warren's credit file from Equifax reported a tradeline from furnisher Security Credit Services as disputed. Compl. ¶¶ 7, 9, ECF No. 1.  Warren then sent a letter to Equifax stating that he no longer disputed the tradeline and wanted the dispute notation removed.  *Id.* ¶ 10.  Warren alleges that Equifax received the letter.  *Id.* ¶ 11.  After not receiving the results of any investigation, Warren obtained another Equifax disclosure that continued to reflect the dispute notation.  *Id.* ¶ 12.  Warren alleges that Equifax failed to remove the dispute notation, and as a result he has been prevented from obtaining a mortgage or refinancing of any mortgage loan, which has caused him physical and emotional distress.  *Id.* ¶¶ 13-14.  Notably, Warren does not dispute the tradeline; in fact, he strongly maintains that he no longer disputes it.  He apparently believes that disputing the tradeline hurts his opportunities to obtain credit and maintains that the report of the dispute is an adverse notation for purposes of the Fair Credit Reporting Act.

Based on these allegations, Warren asserts that Equifax either negligently or willfully: (1) failed to maintain and/or follow reasonable procedures to assure the maximum possible accuracy of information pertaining to Warren in violation of 15 U.S.C. § 1681e(b) and (2) failed to conduct a reasonable reinvestigation after receiving Warren's dispute letter in violation of 15 U.S.C. § 1681i.

DISCUSSION

Equifax argues that it is entitled to judgment on the pleadings in part because Warren did not notify the furnisher directly that he no longer disputed the tradeline. Warren responds that because he originally disputed the account information through Equifax, he could likewise unilaterally withdraw that dispute through Equifax, thereby obligating Equifax to remove the dispute notation and notify the furnisher accordingly. But, as this Court has previously noted, "[t]he FCRA did not authorize Equifax to unilaterally remove the dispute notation[] from [Warren]'s file and report." *Shellnut v. Equifax Info. Servs., LLC*, No. 3:24-CV-18 (CDL), 2025 WL 3254608, at *2 (M.D. Ga. Jan. 2, 2025).

The FCRA provides that if a consumer disputes information directly with a furnisher that the furnisher would provide to a consumer reporting agency ("CRA") like Equifax, the furnisher "may not furnish the information to any [CRA] without notice that such information is disputed by the consumer." 15 U.S.C. § 1681s-2(a)(3). In turn, when a CRA receives notice that information is disputed from the furnisher, it "shall indicate that fact in each consumer report that includes the disputed information." 15 U.S.C. § 1681c(f).

Warren's complaint alleges that he "no longer disputes" the tradeline, thereby acknowledging that the account had previously

4

been disputed and that the dispute notation was reported to Equifax and included in his credit report pursuant to §§ 1681s-2(a)(3) and 1681c(f).  Compl. ¶ 8.  But Warren does not allege that he informed the furnisher that he no longer disputed the tradeline, nor does he allege that the furnisher instructed Equifax to remove the dispute notation or otherwise notified Equifax that the account was no longer disputed.

Under these circumstances, Equifax remained obligated under § 1681c(f) to continue reporting the tradeline as disputed.  *See Ennis v. Equifax Info. Servs., LLC*, No. 7:20-CV-143 (HL), 2021 WL 4944801, at *5-6 (granting the CRA defendants' motion for judgment on the pleadings and concluding that the CRA defendants were "required to report [the] dispute status pursuant to 15 U.S.C. § 1681c(f)" where the plaintiff requested that the defendants remove dispute notations but failed to allege that she informed the furnishers that she no longer disputed the underlying information).  As this Court has previously explained, where a plaintiff "does not allege that the furnishers of the dispute notations ever informed Equifax that the tradelines were no longer disputed. . . . then Equifax cannot unilaterally remove the notation."  *Shellnut*, 2025 WL 3254608, at *2.

Simply put, the current pleadings do not allege facts from which one could reasonably conclude that Equifax failed to exercise reasonable procedures to maintain maximum accuracy of Warren's

information or failed to conduct a reasonable investigation. Warren does not allege that he contacted the furnisher directly, that the furnisher withdrew the dispute notation, that Equifax failed to communicate with the furnisher, or that the furnisher instructed Equifax to remove the notation. Absent such allegations, Warren has failed to plausibly allege a violation of either § 1681e(b) or § 1681i. Accordingly, Equifax is entitled to judgment on the pleadings, and the Court need not address Equifax's remaining arguments.

CONCLUSION

For the foregoing reasons, Equifax's motion for judgment on the pleadings (ECF No. 14) is granted.

IT IS SO ORDERED, this 4th day of June, 2026.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA